837 F.2d 1091
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Carl M. PESTA and Penny M. Pesta, Plaintiffs-Appellants,
v.
CBS, INC.; Ed Bradley; Morley Safer; Mike Wallace; Harry
Reasoner; Monika Jensen; John Doe; and Mary
Roe, Defendants-Appellees.
 No. 87-1077.
 United States Court of Appeals, Sixth Circuit.
 Jan. 27, 1988.
 
 Before MILBURN and RALPH B. GUY, Jr., Circuit Judges, and CONTIE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff Carl M. Pesta appeals from the summary judgment granted by the district court in this libel action. The litigation arises out of a broadcast aired by "60 Minutes" in its October 30, 1983, episode. The broadcast, entitled "A Tragic Assumption," focused upon the death of John Haisenleder, a sixteen-year-old boy who died of Reyes Syndrome on January 2, 1973.
 
 
 2
 According to the broadcast, Haisenleder became seriously ill on the night of December 30, 1972. His mother called the family physician, who indicated that the boy might be suffering from Reyes Syndrome and agreed to meet them at St. John's Hospital. However, when Mrs. Haisenleder called the police to assist her in taking her son to St. John's Hospital, they told her that the boy had taken a drug overdose, refused to take him to St. John's Hospital, and, instead, took him to Harrison Community Hospital.
 
 
 3
 According to the broadcast, the staff at Harrison Community Hospital was unsympathetic to Mrs. Haisenleder's pleas to take the boy to St. John's Hospital. Although she attempted to explain that the boy had not been taking drugs and that their physician was waiting for them at St. John's Hospital, the staff refused to listen.
 
 
 4
 At some time following the Haisenleders' arrival at Harrison Hospital, plaintiff arrived. He told Mrs. Haisenleder that he was willing to entertain the possibility that the boy's systems were caused by somethimg other than a drug overdose. According to the broadcast, Dr. Pesta ordered a series of tests, but it was too late. The boy died on January 2, 1973.
 
 
 5
 The local news media attention given to the incident caught the attention of the producers of "60 Minutes." Thereafter, producer Monika Jensen contacted Dr. Pesta and asked him to participate in the broadcast. Although he initially declined to do so, he later consented.
 
 
 6
 The episode was filmed, and Dr. Pesta saw it for the first time when it was broadcast on national television. After waiting eleven months and fifteen days, he contacted an attorney who agreed to file suit for him. He deposed that he contacted an attorney because he wanted to "get even" with people at "60 Minutes."
 
 
 7
 Summary judgment was granted as to two of the four statements made in the broadcast that Dr. Pesta alleged were defamatory. Discovery proceeded with regard to the remaining two. Dr. Pesta alleged that the statement that John Haisenleder had an 80 to 90 per cent chance of recovery when he arrived at Harrison Hospital was defamatory. He also alleged that the statement of a "60 Minutes" medical expert that a "critical mistake" had been made by failing to order certain blood tests was defamatory.
 
 
 8
 In accordance with its memorandum opinion dated November 24, 1986, the district court granted summary judgment in favor of the defendants. The district court concluded that, in order to recover damages, plaintiff was required to establish that defendants acted with actual malice. Because the district court concluded that no genuine issue of material fact existed with regard to the question of malice, it granted summary judgment. This appeal followed.
 
 
 9
 We VACATE the judgment of the district court and REMAND for reconsideration in light of Rouch v. Enquirer & News of Battle Creek, 427 Mich. 157, 398 N.W.2d 245 (1986), which was decided subsequent to the district court's granting summary judgment in the present case. We express no view as to what the final result in this case should be.